IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRYAN H. SIMMS,                      )
                                     )
            Plaintiff,               )
                                     )
     v.                              )     1:12MC1
                                     )
BALL STREET VENTURES, LLC,           )
et al.,                              )
                                     )
            Defendants.              )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiff's Motion to Allow Conventional Filing (Docket Entry 3), Application for Charging Order (Docket Entry 4), and Motion for Writ of Garnishment (Docket Entry 5). (See Docket Entries dated July 27, 2012, and Oct. 4, 2012.) For the reasons that follow, the Court will authorize Plaintiff to make paper filings through the end of 2012, will enter a charging order pursuant to Federal Rule of Civil Procedure 69(a)(1) and Section 57C-5-03 of the North Carolina General Statutes, and will decline to issue the Writ of Garnishment requested by Plaintiff, but without prejudice to his right to file another such (or similar) motion with proper supporting materials.

BACKGROUND

Proceedings in this case began in this Court upon the filing by Plaintiff of a Clerk's Certification of a Judgment To Be Registered in Another District. (Docket Entry 1.) The underlying

Judgment (issued on May 14, 2009, by the United States District Court for the District of Columbia) awarded Plaintiff $667,846.90 from Defendants Ball Street Ventures, LLC, Ball Street Partners, LLC, Ball Street Fund, LLC, and Brian K. Davis. (Docket Entry 1-1.) Attorney Charles R. Hassell, Jr. thereafter entered a Notice of Appearance on behalf of Plaintiff (Docket Entry 2) and moved for leave to file documents in paper form, rather than through the Court's CM/ECF system (Docket Entry 3), on the ground that, although admitted to this Court, he "rarely practices in [it], is not certified for e-filing, and is in the process of winding down his practice during the year 2012" (id. at 1). At the same time, Plaintiff (through Mr. Hassell) also "appli[ed] for judicial charging orders, pursuant to N.C. Gen. Stat. Sec. 57C-5-03 (2012)" (Docket Entry 4 at 1) and "move[d] for the issuance of a Writ of Garnishment commanding National Champion Real Estate, LLC; BDV II, LLC; BDV III, LLC; Fuller Street Development, LLC; Durham Basketball Team, LLC; FSD Master Tenant, LLC; L8, LLC; Walker CST, LLC; and West Village Condo Partnership, LLC, to appear and answer, according to law" (Docket Entry 5 at 2).

DISCUSSION

In federal court, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of

2

judgment or execution--<u>must accord with the procedure of the state where the court is located</u>, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1) (emphasis added). North Carolina law, in turn, provides that, "[o]n application . . . by any judgment creditor of a member [of a limited liability company], [a] court [of competent jurisdiction] may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest."  N.C. Gen. Stat. § 57C-5-03. Plaintiff has registered in this Court a Judgment that makes him a judgment creditor of Brian K. Davis and has applied for an order from this Court charging Davis's membership interest in nine North Carolina limited liability companies with payment of the sums Davis owes pursuant to that Judgment (including interest).  Accordingly, North Carolina law, as incorporated into Federal Rule of Civil Procedure 69(a), permits entry of a charging order in Plaintiff's favor against the named limited liability companies.[1]

Plaintiff also has "move[d] for the issuance of a <u>Writ of Garnishment</u> commanding National Champion Real Estate, LLC; BDV II, LLC; BDV III, LLC; Fuller Street Development, LLC; Durham

---

[1] The proposed order submitted with the instant Application includes language providing that the interest owed on the underlying Judgment consists of sums accrued "at the legal rate of 8% per annum, pursuant to N.C. Gen. Stat. § 24-1 (2012), from May 14, 2009, the date of judgment, to the date of satisfaction." (Docket Entry 4-1 at 1-2.)  It appears, however, that such interest accrues as prescribed by 28 U.S.C. § 1961(a) and (b).  <u>See</u> <u>Forest Sales Corp. v. Bedingfield</u>, 881 F.2d 111, 111-13 (4th Cir. 1989).

3

Basketball Team, LLC; FSD Master Tenant, LLC; L8, LLC; Walker CST, LLC; and West Village Condo Partnership, LLC, to appear and answer, according to law . . . ." (Docket Entry 5 at 2 (emphasis added).) As grounds for such action, the instant Motion states (in unsworn fashion): "It is believed that [the foregoing limited liability companies] hold money of judgment debtor Brian K. Davis." (Id. at 1-2.) Unlike the Application for Charging Order, which directed the Court to Section 57C-5-03 (see Docket Entry 4 at 1), the instant Motion for Writ of Garnishment does not cite any authority for the relief it requests (see Docket Entry 5 at 1-2).

The Court's research revealed that Subchapter X of the North Carolina General Statutes (which addresses "Execution" on judgments and consists of Article 28 entitled "Execution," Article 29A entitled "Judicial Sales," Article 29B entitled "Execution Sales," Article 29C entitled "Validating Sections," Article 30 entitled "Betterments," and Article 31 entitled "Supplemental Proceedings"), does not contain any apparent provision(s) regarding "Garnishment." See N.C. Gen. Stat. §§ 1-302 – 1-368. The Supplemental Proceedings Article within Subchapter X, however, does have sections allowing courts to require third-parties: 1) to produce records regarding property of a judgment debtor, N.C. Gen. Stat. § 1-352.2(1); and 2) to submit to examination, N.C. Gen. Stat. § 1-356.[2] The instant

---

[2] Additionally, "[i]n aid of [a money] judgment or [related] execution, the judgment creditor . . . may obtain discovery from

Motion for Writ of Garnishment, however, does not clearly request those forms of relief.  (See Docket Entry 5.)

Subchapter X's Supplemental Proceedings Article also includes a provision stating that:

> Upon the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, and <u>upon affidavit that any person or corporation has property of said judgment debtor</u>, or is indebted to him in an amount exceeding ten dollars ($10.00), <u>the court or judge may, by order, require such person or corporation, or any officer or members thereof, to appear at a specified time and place, and answer concerning the same</u>; provided, however, that such inquiries may, in the discretion of the court, be answered by such person or corporation, or any officers or members thereof, by verified answers to interrogatories.

N.C. Gen. Stat. § 1-360 (emphasis added).  To the extent this provision might authorize court action of the sort Plaintiff seeks (though not via a vehicle called a "Garnishment"), Plaintiff has failed to submit an affidavit (or other sworn statement) of the kind this statute appears to require.  (See Docket Entry 5.)

Finally, Subchapter XIII of the North Carolina General Statutes (entitled "Provisional Remedies") contains Article 35 (entitled "Attachment"), which (in Part 3 entitled "Execution of Order of Attachment; Garnishment") provides for "Garnishment,"

---

any person . . . as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  The Federal Rules of Civil Procedure, in turn, allow litigants to issue subpoenas to third-parties to obtain relevant information.  See Fed. R. Civ. P. 45.

5

including issuance of a "summons to a garnishee" requiring the summonsed person or entity to file a verified answer disclosing any "indebted[ness] to the defendant or . . . any property of [the defendant] in [the summonsed person's or entity's] possession," N.C. Gen. Stat. § 1-440.23. Such garnishment summonses, however, only may issue: "(1) <u>At the time of the issuance of the original order of attachment</u> . . . or (2) At any time thereafter <u>prior to judgment in the principal action</u> . . . ." N.C. Gen. Stat. § 1-440 (emphasis added). Moreover, an "[a]ttachment is a proceeding ancillary to a <u>pending</u> principal action . . . and is intended to bring property of a defendant within the legal custody of the court in order that it may <u>subsequently</u> be applied to the satisfaction of any judgment for money which <u>may be rendered</u> against the defendant in the principal action." N.C. Gen. Stat. § 1-440.1 (emphasis added). The Court cannot discern that these apparent pre-judgment mechanisms have applicability in this post-judgment context.

Under these circumstances, the Court will deny without prejudice Plaintiff's Motion for Writ of Garnishment.

<u>CONCLUSION</u>

Good cause exists to allow Mr. Hassell to file paper documents with the Court for the remainder of 2012. Further, North Carolina law (and thus Federal Rule of Civil Procedure 69(a)(1)) authorizes entry of the charging order sought by Plaintiff. Plaintiff,

6

Case 1:12-mc-00001-UA-LPA   Document 6   Filed 10/05/12   Page 6 of 8

however, has not made (at least at this time) a sufficient showing for the Court to issue the Writ of Garnishment he has requested.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Allow Conventional Filing (Docket Entry 3) is **GRANTED IN PART** in that Attorney Charles R. Hassell, Jr. may file documents in this case in paper form through December 31, 2012.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Charging Order (Docket Entry 4) is **GRANTED** and, pursuant to Federal Rule of Civil Procedure 69(a)(1) and Section 57C-5-03 of the North Carolina General Statutes, National Champion Real Estate, LLC; BDV II, LLC; BDV III, LLC; Fuller Street Development, LLC; Durham Basketball Team, LLC; FSD Master Tenant, LLC; L8, LLC; Walker CST, LLC; and West Village Condo Partnership, LLC shall direct any distributions with respect to Brian K. Davis's membership interests to Plaintiff in the amount of $667,846.90, plus post-judgment interest at the applicable legal rate.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Garnishment (Docket Entry 5) is **DENIED**, but without prejudice to Plaintiff filing another such (or similar) motion, along with a

7

supporting brief that sets out authority for the requested relief and (if necessary) any required affidavit.

This the 5th day of October, 2012.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**